

# BOYLE
# LEONARD
# ANDERSON, P.A.

ATTORNEYS AT LAW
www.Insurance-Counsel.com

August 30, 2021

**VIA EMAIL ONLY**
jparsons@pmmlaw.com
Jeffrey R. Parsons, Esq.
Parsons McEntire McCleary, PLLC

evanmeir@nicolaidesllp.com
Ellen Van Meir
Nicolaides Fink Thorpe Michaelides Sullivan, LLP

|  |  |  |
|---|---|---|
| Re: | Our Client/Named Insured: | **Figg Bridge Builders, LLC** |
|  | Policy No: | **061853758 (E&O)** |
|  | Claim No.: | **2260321908US** |
|  | Matter: | **AAA Case No. 01-20-0010-8384 Cline Avenue Bridge, LLC v. Figg Bridge Builders, LLC (the "Arbitration Proceeding")** |
|  | Policy No: | **023627244 (Commercial General Liability) 028189263 (Excess Liability Policy) (the "Policies")** |
|  | Policy Period: | **07/10/2017 – 07/10/2018** |
|  | Claim Nos.: | **2740523371US 6620535152US** |

Dear Ellen and Jeffrey:

It is has come to our attention that defense counsel appointed by Lexington in the above-referenced Arbitration Proceeding has suggested the need for separate expert witnesses to testify on behalf of Figg Bridge Builders, LLC's ("Figg") at the final hearing.  We can only presume that this directive has come from Lexington in an effort to reduce the financial burden of the defense Lexington is providing Figg.  However, such an effort is not in keeping with Lexington's defense obligation and is a transparent effort to saddle Figg with the burden of paying out of pocket expert fees related to its affirmative claims it is pursing against Cline Avenue Bridge in the Arbitration Proceeding

---

**9111 W. College Pointe Drive, Fort Myers, FL 33919 | (239)337-1303 office | (239)337-7674 fax**
***Please Reply to Fort Myers Office***

800 W De Leon Street, Tampa, FL 33606 (239)337-1303 | P.O. Box 31578, Charleston, SC  29417 (843)576-4141

and in turn reduce Lexington's financial contribution to Figg's defense. As previously noted, and by way of reminder, Lexington is obligated to pay for Figg's affirmative claims, and we have not in any way retreated from the request that you do so.

Moreover, from a defense perspective, splitting expert testimony on the defense and affirmative claims between two experts on the same, interwoven issues is illogical, inefficient, and will handicap both Figg's defense and prosecution of its counterclaims. As previously noted, Figg's defense and counterclaim prosecution go hand-in-hand. The success of one necessarily benefits the other. In order words, Figg's success in its affirmative claims will by definition exonerate it from liability on the defense side. However, despite that reality, Lexington continues to pursue a draconian dichotomy between the two which will inevitably result in excessive challenges at the final hearing by requiring counsel to prepare two experts, require extra effort to ensure the experts do not contradict one another, and increasing the potential for damaging cross examination from opposing counsel. Lexington, by its practice is forcing Figg to expend out-of-pocket fees to coordinate its insurance-provided defense with its affirmative claims. Such tactics are causing a reduction in the value of its insurance coverage and bargained for defense. As such, Figg reserves all rights with respect to recouping such funds.

Given the reality of the situation, it is inexplicable that Lexington is refusing to participate in the prosecution of Figg's affirmative claims and these continued efforts to economize Figg's defense will result in harm to the insured and its defense. For the reasons set forth herein and in our prior correspondence, which is incorporated herein by reference, Figg once more requests that Lexington revisit its position and begin fully funding Figg's defense through prosecution of Figg's claims against the Claimant.

Due to the time constraints brought about by the AAA scheduling order, time is of the essence and this issue must be resolved this week. As such, please let us know your availability to discuss on August 31, 2021 or at the latest September 1, 2021. We appreciate your prompt attention to this matter.

Sincerely,

*Amanda K. Anderson*
(Signed electronically to avoid delay)

Amanda K. Anderson
AAnderson@insurance-counsel.com