# Parsons McEntire McCleary PLLC

One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile:  (713) 960-7347

Jeffrey R. Parsons　　　　　　　　　　　　　　　　　　　　　　　　　　　　Direct: (713) 960-7302
Chairman and Shareholder　　　　　　　　　　　　　　　　　　　　　　　jparsons@pmmlaw.com

August 31, 2021

Amanda K. Anderson　　　　　　　　　　*Via Email: Aanderson@insurance-counsel.com*
BOYLE LEONARD ANDERSON, P.A.
9111 W. College Point Drive
Fort Myers, FL 33919

**Re:**　**Insured:**　**Figg Bridge Builders, LLC**
　　　**Project:**　**Cline Avenue Bridge**
　　　**Carrier:**　**Lexington Insurance Company**
　　　**Policy No.:**　**061853758**
　　　**Claim No.:**　**2260321908US**
　　　**Matter:**　**AAA Case No. 01-20-0010-8384;** *Cline Avenue Bridge, LLC v. Figg Bridge Builders, LLC*; **In the American Arbitration Association ("Arbitration Proceeding");**

Dear Ms. Anderson:

　　　On behalf of Lexington Insurance Company ("Lexington"), this letter replies to your letter dated August 30, 2021 on behalf of Figg Bridge Builders, LLC ("Figg").

　　　Once again, your correspondence contends that Lexington is obligated to pay for Figg's prosecution of affirmative claims against Cline Avenue Bridge and other third parties.  In this instance, your correspondence asserts that Lexington must pay for the work of expert witnesses to support Figg's affirmative claims.  Nothing could be further from the truth.

　　　By prior correspondence to you, including my letter dated June 4, 2021, I clearly advised of the numerous reasons why Lexington has <u>no obligation</u> to pay for the prosecution of Figg's affirmative claims under the Lexington insurance policy captioned above (the "Policy").  For sake of brevity, I incorporate herein by reference all my prior correspondence on that subject.

　　　Nothing has changed since my prior correspondence.  Accordingly, Lexington's position remains unchanged.  Lexington has no obligation to pay for the work of expert witnesses to support

Ms. Amanda K. Anderson
August 31, 2021
Page -2-
_____

Figg's affirmative claims.  Lexington has no obligation to permit the expert witnesses whom defense counsel has retained, for purposes of Figg's defense, to act additionally as expert witnesses in support of Figg's affirmative claims.  As Lexington has no obligation to do so, it respectfully declines to do so.

Figg has known of Lexington's position for nearly five (5) months and, therefore, has had more than ample time to engage expert witnesses for its own account.  Any delay by Figg in engaging any expert to support Figg's affirmative claims is solely Figg's responsibility.

To ensure that the record is clear, I prefer that we confine to writing any further communications on the foregoing subjects.

Yours very truly,

*/s/ Jeff Parsons*

Jeffrey R. Parsons

/JRP
cc: Andy Yoho                                                 *Via Email:  ayoho@insurance-counsel.com*

3090054